CLYDE C. RUSSELL, Judge.
Vincent Caracci, plaintiff-appellee, filed suit against James S. Conner, defendant-appellant, in the First City Court of New Orleans, praying for judgment in the amount of $600.00 plus 10% attorney’s, fees, legal interest and all costs, alleging same to be due under a written lease agreement by which plaintiff had leased to defendant the premises 4440 Elba Street in the city of New Orleans for a period of one year beginning July 1, 1960, at a rental of $200.00 per month. Plaintiff also alleged in his petition that the defendant had de *471 faulted on the rental due for the months of August, September and October, 1960, after which time plaintiff had mitigated the damages caused by defendant’s alleged breach by re-leasing the premises.
Defendant answered admitting his execution of the lease from plaintiff. Defendant contends, however, that said lease was annulled through novation when plaintiff with the consent and approval of defendant subsequently leased the same premises to a Mrs. Patricia Robeson for the identical term covered in the lease herein sued upon. More precisely, defendant maintains that shortly after execution of the lease to him, he informed plaintiff that because of illness he was no longer able to operate the business for which the place was rented, namely, a restaurant and fish market, whereupon plaintiff leased the premises to Mrs. Robeson.
After a trial on the merits the lower Court without assigning written reasons rendered judgment in plaintiff’s favor as prayed for and defendant appealed.
Counsel for defendant-appellant has filed an exception of no right or cause of action in this Court, leveled at the fact that the lease form signed by defendant provided that the leased premises were to be used only for “seafood and restaurant” and the fact that the zoning law for that part of the city of New Orleans in which the leased premises were located provided that no “hard liquor” could be sold. Counsel argues that since plaintiff knew this and since it is necessary to have a liquor license in order to successfully operate a seafood place and .restaurant, the lease to defendant is null and void.
We find no merit in this argument, but suffice it to say that the proof of the ground of the exception does not appear in the record as required by LSA-C.C.P. Article 2163 and we thus cannot consider it.